**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| RICHARD KRANTZ ROLLOVER IRA, on behalf of itself and all others similarly situated, | Civil Action No. 3:04CV558 |
| Plaintiff, | |
| vs. | |
| SUMMIT PROPERTIES, INC., WILLIAM B. MCGUIRE, JR., WILLIAM F. PAULSEN, STEVEN R. LEBLANC, JAMES H. HANCE, JR., JAMES M. ALLWIN, HENRY H. FISHKIND, WENDY P. RICHES, NELSON SCHWAB III, And CAMDEN PROPERTY TRUST, | |
| Defendants. | |

**ORDER**

The parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the settlement (the "Settlement") of the above action (the "Action") in accordance with a Stipulation of Settlement filed September 23, 2005 (the "Stipulation"), which is incorporated herein by reference and which, together with the accompanying documents, sets forth the terms and conditions for the proposed Settlement of the Action and for a judgment dismissing plaintiff's claims in the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the accompanying documents; and all parties having consented to the entry of this Order;

IT IS HEREBY ORDERED this 5th day of January, 2006, that:

1. For purposes of the Settlement only, and preliminarily, for purposes of this Order, the Court certifies this Action as a class action pursuant to Federal Rules of Civil Procedure Rules 23(b)(1) and 23(b)(2). The class ("Settlement Class") shall consist of all record and beneficial shareholders of Summit Properties, Inc. ("Summit") (other than Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants) who held, owned, purchased or sold common stock of Summit at any time from the period beginning October 4, 2004 through and including the effective date of the Merger, February 28, 2005 (the "Settlement Class Period"), including without limitation any and all successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them. Richard Krantz Rollover IRA ("Plaintiff") is appointed the representative of the Settlement Class. Matthew M. Houston of Wechsler Harwood LLP is appointed as counsel for the Settlement Class ("Class Counsel").

2. With respect to the Settlement Class, the Court preliminarily finds and concludes that: (a) the members of the class are so numerous that joinder of all class members is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of Plaintiff are typical of the claims of the class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all class members; (e) the prosecution of separate actions by individual members of the class would create the risk of inconsistent and varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants or adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other

members not parties to the adjudications and substantially impair or impede their ability to protect their interests; and (f) the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate relief with respect to the class as a whole, thus making certification appropriate under Rule 23(b)(1) and 23(b)(2).

3. A hearing (the "Hearing") shall be held before the Court on March 27th, 2006, at 10:10 a.m. in the United States District Court For The Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina, 28202 for the purposes of: (a) determining whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court, and whether the Order and Final Judgment provided for in the Stipulation should be entered thereon; (b) determining whether the Action should be finally certified as a class action, with Plaintiff as the class representative and Class Counsel as the counsel for the Settlement Class; (c) considering the application of Class Counsel for an award of attorneys' fees and expenses to be paid by Summit; and (d) ruling on such other matters as the Court may deem appropriate. The Court may adjourn the Hearing (including consideration of the application of Class Counsel for an award of attorneys' fees and expenses) or any adjournment thereof without further notice to the Settlement Class other than by announcement at the Hearing or any adjournment thereof.

4. The Court approves, in form and content, the Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing (the "Notice") attached as Exhibit B to the Stipulation and the publication notice ("Publication Notice") attached as Exhibit C to the Stipulation. The Court finds that the mailing and distribution of the Notice, and the publication of the Publication Notice, substantially in the manner and form set forth in paragraph 5 of this

3

Order meet the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

5. (a) No less than 60 days before the Hearing, Summit shall cause a copy of the Notice to be mailed by first-class mail to the members of the Settlement Class who were shareholders of record of Summit at any time from October 5, 2004 through February 28, 2005, as shown on the stock records maintained by or on behalf of Summit. Summit shall use reasonable efforts to give notice to beneficial owners of Summit's common stock by making additional copies of the Notice available to any record holder requesting the same for the purpose of distribution to beneficial owners. Summit will bear the costs and expenses related to the Notice.

(b) No less than 45 days before the Hearing, Summit shall cause the Publication Notice to be published once in *Investor's Business Daily*.

(c) At or before the Hearing provided for in paragraph 3 of this Order, Summit shall file proof, by affidavit, of such mailing and publishing.

6. At the Hearing, any member of the Settlement Class who desires to do so may appear personally or by counsel, providing that an appearance is filed and served as hereinafter provided, and show cause, if any, why the Settlement of the Action under the terms of the Stipulation should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, why judgment should not be entered dismissing the Action of the Defendants on the merits and with prejudice against Plaintiff and the Settlement Class, or why the Court should not grant Class Counsel's request for an allowance of fees and expenses for their services herein and expenses incurred; provided, however, that no member of the Settlement Class or any other person opposing the Settlement or any provision thereof shall be heard or entitled to

contest the approval of the terms and conditions of the Settlement and, if approved, the judgment to be entered thereon and the allowance of fees and expenses to Class Counsel, and no papers or briefs submitted by any member of the Settlement Class or any other person shall be received and considered, except by Order of the Court for good cause shown, unless, no later than ten days prior the Hearing, copies of (a) a notice of intention to appear, (b) a detailed statement of such person's specific objections to any matter before the Court, and (c) the grounds for such objections and any reasons for such person's desiring to appear and to be heard, as well as all documents and writings such person desires this Court to consider, shall be served upon the following counsel:

> Matthew M. Houston, Esq.
> Wechsler Harwood LLP
> 488 Madison Avenue, 8th Floor
> New York, NY 10022
>
> Stephen D. Poss, P.C.
> John O. Farley, Esq.
> Goodwin Procter LLP
> Exchange Place
> 53 State Street
> Boston, MA 02109
>
> John H. Culver, Esq.
> Kennedy Covington Lobdell & Hickman, L.L.P.
> Hearst Tower, 47th Floor
> 214 North Tryon Street
> Charlotte, NC 28202
>
> Craig L. Weinstock, Esq.
> Roger B. Cowie, Esq.
> Locke Liddell & Sapp LLP
> 3400 JP Morgan Chase Tower
> 600 Travis Street
> Houston, Texas 77002

and then filed with the Clerk for the United States District Court For The Western District of North Carolina. Unless the Court otherwise directs, no member of the Settlement Class shall be

entitled to object to the Settlement or to the judgment to be entered herein, or to the award of attorneys' fees and expenses to Class Counsel, or otherwise to be heard, except by serving and filing written objections as described above. Unless the Court otherwise directs, any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in this Action or in any other action or proceeding.

7. Except as otherwise provided in the Stipulation or as ordered by the Court with respect to the approval of the Settlement, all proceedings in this Action are stayed and suspended until further order of this Court.

8. In the event that: (a) the Court declines, in any respect (except for a disallowance or modification of the fees and/or expenses sought by Class Counsel), to enter the Order and Final Judgment provided for in the Stipulation and any one of the parties hereto fails to consent to the entry of another form of order in lieu thereof; (b) the Court disapproves the Settlement proposed in the Stipulation, including any amendments thereto agreed upon by all of the parties; or (c) the Court approves the Settlement proposed in the Stipulation or any amendment thereto approved by all of the parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of such events, the Memorandum of Understanding, the Stipulation, the Settlement (including any amendments thereof), any qualification of Plaintiff as an appropriate representative of the Settlement Class or of Plaintiff's counsel as Class Counsel, and any actions taken or to be taken with respect to the Settlement proposed in the Stipulation and the Order and Final Judgment to be entered (including, without limitation, the certification of the Settlement Class), shall be of no

further force or effect and shall be null and void, and shall be without prejudice to any of the parties hereto.

9. The Court reserves the right to approve the Stipulation and the Settlement with modifications and without further notice to members of the Settlement Class, and retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed Settlement.

SIGNED this ___ day of Jan_____, 2005

_____
Presiding Judge

LIBA/1571741.1