# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| RICHARD KRANTZ ROLLOVER IRA, on behalf of itself and all others similarly situated, | Civil Action No. 3:04CV558 |
| Plaintiff, | |
| vs. | |
| SUMMIT PROPERTIES, INC., WILLIAM B. MCGUIRE, JR., WILLIAM F. PAULSEN, STEVEN R. LEBLANC, JAMES H. HANCE, JR., JAMES M. ALLWIN, HENRY H. FISHKIND, WENDY P. RICHES, NELSON SCHWAB III, And CAMDEN PROPERTY TRUST, | |
| Defendants. | |

## ORDER APPROVING CLASS ACTION SETTLEMENT
## AND DISMISSING ACTION WITH PREJUDICE

WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the settlement (the "Settlement") of the above class action (the "Action") in accordance with a Stipulation of Settlement filed September 23, 2005 (the "Stipulation"), which is on file with the Court;

WHEREAS, the Court issued an order dated January 6, 2006 (the "Notice Order"), preliminarily certifying a class for settlement purposes under Federal Rules of Civil Procedure 23(b)(1) and 23(b)(2), ordering individual and publication notice to potential class members,

scheduling a hearing (the "Settlement Hearing") for March 27, 2006, and providing class members with an opportunity to object to the proposed Settlement;

WHEREAS, the Court held a Settlement Hearing on March 27, 2006, to determine whether to give final approval to the proposed Settlement; and

WHEREAS, the parties have complied with the Notice Order and the Court is of the opinion that the proposed Settlement is fair, adequate, and reasonable, and that it should be approved.

ACCORDINGLY, based on the submissions by the parties and class members, the presentations at the Settlement Hearing, and the pleadings on file, the Court hereby finds, and it hereby ORDERS, ADJUDGES, and DECREES, as follows:

1. The class ("Settlement Class") that this Court preliminarily certified in the Notice Order is finally certified for settlement purposes under Federal Rules of Civil Procedure 23(b)(1) and 23(b)(2). The Settlement Class consists of all record and beneficial shareholders of Summit Properties, Inc. ("Summit") (other than Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants) who held, owned, purchased or sold common stock of Summit at any time from the period beginning October 4, 2004 through and including the effective date of the Merger, February 28, 2005 (the "Settlement Class Period"), including without limitation any and all successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them. Richard Krantz Rollover IRA ("Plaintiff") is confirmed and permanently appointed the representative of the Settlement Class. Matthew M. Houston of Wechsler

Harwood LLP is confirmed and permanently appointed as counsel for the Settlement Class ("Class Counsel").

2. With respect to the Settlement Class, the Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all class members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all class members; (e) the prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent and varying adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct for the Defendants or adjudications with respect to individual members of the Settlement Class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications and substantially impair or impede their ability to protect their interests; and (f) the Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate relief with respect to the class as a whole, thus making certification appropriate under Rule 23(b)(1) and 23(b)(2).

3. The Court finds that Summit has mailed the Notice of Pendency of Class Action, Proposed Settlement, and Settlement Hearing and published the publication notice in accordance with the terms of the Stipulation and the Notice Order. The Court further finds that such notice:

(a) constituted the best practicable notice to members of the Settlement Class under the circumstances of this Action;

(b) were reasonably calculated, under the circumstances, to apprise members of the Settlement Class of (i) the pendency of this Action, (ii) their right to object to any aspect

of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Plaintiff or Class Counsel, and/or the award of attorneys' fees and expenses), (iii) their right to appear at the Settlement Hearing (either on their own or through counsel hired at their own expense), and (iv) the binding effect of the release, orders, and final judgment in this Action, whether favorable or unfavorable;

(c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied the requirements of the Federal Rules of Civil Procedure (including without limitation Rules 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

4. The Court further finds that the terms and provisions of the Stipulation, including all amendments and exhibits, have been entered into in good faith, and they are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiff and the members of the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including without limitation, the Due Process Clause), and any other applicable law. The parties and members of the Settlement Class are hereby directed to implement and consummate the Stipulation according to its terms and provisions.

5. The terms of the Stipulation and of this Order and the accompanying Final Judgment shall be forever binding on the parties and all other members of the Settlement Class, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other

proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the release described in the next paragraph of this Order.

6. All claims, whether known or unknown, of Settlement Class members and their related parties, against the Defendants and their present or former parents, subsidiaries, affiliates, successors or assigns, and each of their present or former officers, directors, employees, agents, consultants, attorneys, accountants, insurers, financial and institutional advisors, commercial bank lenders, investment bankers, representatives, controlling persons, affiliates, associates, parents, subsidiaries, general partners, limited partners, partnerships, heirs, executors, administrators, successors and assigns (collectively, the "Released Parties"), whether under state, federal or foreign law, and whether directly, derivatively, representatively, or arising in any other capacity, in connection with, related to, or that arise out of the merger of Summit with and into Camden Summit, Inc. (the "Transaction"), the disclosures made in connection therewith (including without limitation the Registration Statement on Form S-4 (Registration No. 333-120733) filed by Camden Property Trust ("Camden") with the Securities and Exchange Commission on November 24, 2004, the Registration Statement on Form S-4 (Registration No. 333-120734) filed by Camden and Summit Properties Partnership, L.P. with the Securities and Exchange Commission on November 24, 2004, the Pre-Effective Amendment No. 1 to Registration Statement on Form S-4 (Registration No. 333-120733) filed by Camden with the Securities and Exchange Commission on January 25, 2005, the Pre-Effective Amendment No. 1 to Registration Statement on Form S-4 (Registration No. 333-120734) filed by Camden and Summit Properties Partnership, L.P. with the Securities and Exchange Commission on January 25, 2005, the Joint Proxy Statement/Prospectus of Camden and Summit, dated January 25, 2005,

the Consent Solicitation/Prospectus of Summit Properties Partnership, L.P., dated January 25, 2005, the Schedule TO (File No. 005-53141) filed by Summit Properties Partnership, L.P. with the Securities and Exchange Commission on January 27, 2005, the Amendment No. 1 to Schedule TO (File No. 005-53141) filed by Summit Properties Partnership, L.P. with the Securities and Exchange Commission on February 10, 2005, the Schedule 14D-9 (File No. 005-53141) filed by Summit Properties Partnership, L.P. with the Securities and Exchange Commission on February 14, 2005, the Post-Effective Amendment No. 1 to Registration Statement on Form S-4 (Registration No. 333-120733) filed by Camden with the Securities and Exchange Commission on February 18, 2005, the Post-Effective Amendment No. 1 to Registration Statement on Form S-4 (Registration No. 333-120734) filed by Camden and Summit Properties Partnership, L.P. with the Securities and Exchange Commission on February 18, 2005, and the Amendment No. 2 to Schedule TO (File No. 005-53141) filed by Summit Properties Partnership, L.P. with the Securities and Exchange Commission on March 1, 2005, and the Post-Effective Amendment No. 2 to Registration Statement on Form S-3 to Form S-4 (Registration No. 333-120734) filed by Camden with the Securities and Exchange Commission on March 7, 2005), the process employed by the Released Parties that led to the Transaction, any allegation or claim that was or could have been made in this Action, including but not limited to the fiduciary obligations of any of the Released Parties, and/or the disclosure obligations of any of the Released Parties, and any other claim relating in any way to any of the foregoing are hereby fully, finally and forever released (the "Settled and Released Claims").

7. Plaintiff and all Settlement Class members, together with their respective predecessors, successors, agents, representatives, attorneys and assigns, and their heirs, executors, administrators, trustees and all other persons acting on behalf of or claiming by or

6

through the same, are hereby enjoined and fully and forever barred from prosecuting or asserting any Settled and Released Claims against any of the Released Parties.

8. Class Counsel of record are hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the amount of $ 393,000 which the Court finds to be fair and reasonable. Such fees and expenses shall be paid by Summit to Class Counsel under the terms and conditions stated in the Stipulation.

9. The preceding paragraph of this Order covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class members, or incurred by Plaintiff or the Settlement Class members, or any of them, in connection with or related in any manner to this Action, the Settlement of this Action, the administration of such Settlement, and/or the Settled and Released Claims. Defendants shall be liable to Plaintiff and the Settlement Class members for no additional attorneys' fees or expenses.

10. The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without in any way affecting the finality of this Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Stipulation and of this Order and the accompanying Final Judgment.

11. Neither this Order, nor the accompanying Final Judgment, nor the Stipulation (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Stipulation) is, may be construed as, or may be used as an admission or concession by or against the Defendants as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Additionally, neither the Stipulation nor any

negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Order and Final Judgment and the Stipulation; provided, however, that this Order, the accompanying Final Judgment and the Stipulation may be filed and used in any action against or by the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

12. This Action, including all individual and class claims resolved in it, is hereby dismissed on the merits and with prejudice against Plaintiff and all other members of the Settlement Class, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

13. The Court will separately enter the accompanying Final Judgment.

SIGNED this 27th day of MARCH, 2006.

_____
Graham C. Mullen
Presiding Judge

8
LIBA/1686093.1